**COSTELLO & MAINS, LLC**
By:     Deborah L. Mains
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
 (856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| MARK ELMAS, | : | UNITED STATES DISTRICT COURT |
| | : | DISTRICT NEW JERSEY |
| Plaintiff, | : | |
| | : | Civil Action |
| vs. | : | |
| | : | DOCKET NO. |
| GRAND LUX CAFÉ, LLC; GRAND LUX CAFÉ, AND JOHN DOES 1-5 AND 6-10, | : | |
| | : | **Electronically Filed** |
| | : | **COMPLAINT AND JURY DEMAND** |
| Defendant. | : | |

Plaintiff Mark Elmas ("Plaintiff"), by way of complaint against the defendants, says:

### Preliminary Statement

1.      This action is brought by plaintiff to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. Sec. 201, et seq. ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL").

### Jurisdiction and Venue

2.      Jurisdiction of the Court is invoked pursuant to 29 U.S.C. Sec. 216(b), 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1332.

3.      Because plaintiff and defendant are residents of the district of New Jersey, venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

### Identification of Parties

1.      Plaintiff Mark Elmas resides at 2400 McClellan Avenue, Apt. E1005, Pennsauken, NJ 08109.  At all pertinent times herein, plaintiff was employed by defendant.

2. Defendant Grand Lux Cafe, LLC. is a business entity engaged in the restaurant business and is an employer within the meaning of 29 USC Sec. 203(d) and within the meaning of the NJWHL. Grand Lux Café, LLC maintains a corporate residence in the State of New Jersey.

3. Defendant Grand Lux Cafe is a business entity engaged in the restaurant business and is an employer within the meaning of 29 USC Sec. 203(d) and within the meaning of the NJWHL. Grand Lux Café maintains a corporate residence in the State of New Jersey.

4. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff in this matter.

## General Allegations

5. Plaintiff was employed by defendants at the Cherry Hill Mall location from 2005 through February 9, 2016.

6. Plaintiff was employed as a bartender, who performed traditional bartender functions and who performed additional functions during time designated as "star time" by defendants.

7. Plaintiff was compensated on an hourly basis for all work performed.

8. For traditional bartending, plaintiff was compensated at $2.13 per hour plus tips.

9. For "star time," plaintiff was compensated at $13.50 per hour.

10. As an hourly paid employee, plaintiff is not exempt from the overtime requirements of the FLSA or the NJWHL.

11. During his employment, Plaintiff was required to work in excess of 40 hours per week.

12. Plaintiff's was scheduled to work each week, typically, as follows:

Wednesday:  6 a.m. – 7 p.m.;

Thursday:  4 p.m. – 12:30 a.m.;

Friday:  10 a.m. – 7 p.m.;

Monday:  4 p.m. – midnight;

Tuesday:  2 p.m. – 1 a.m.; and

Plaintiff was required to work at home for approximately 3 hours each weekend with the knowledge and permission of his superiors, creating bartender schedules and reviewing liquor books to determine inventory orders.

13. Thus, plaintiff worked approximately 52.5 hours per week, with occasional fluctuation.

14. Defendants did not pay any overtime pay to plaintiff for any hours worked in excess of 40 per week.

15. Plaintiff has suffered economic loss as the result of Defendant's failure to pay overtime.

## COUNT I

### FLSA Violation

16. Plaintiff hereby repeats and realleges paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiff, during the course of his employment, regularly worked more than forty hours in a work week.

18. Defendants failed to pay plaintiff overtime compensation for hours worked in excess of forty in a work week.

19. Defendants, by the above acts, have violated 29 U.S.C. Sec. 207.

20. Such violations were, upon information and belief, willful.

21. Plaintiff has suffered injury and monetary damages as a result of defendant's acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

    (a) declaring that the acts and practices complained of herein are in violation of the FLSA;

    (b) enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

    (c) directing defendants to make plaintiff whole for all unpaid overtime wages due as a consequence of defendants' violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

    (d) directing defendants to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

    (e) awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

    (f) granting such other and further relief as this Court deems necessary and proper.

## COUNT II

### Violation of the NJWHL

22. Plaintiff hereby repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff, during the course of his employment, regularly worked more than forty hours in a work week.

24. Defendants failed to pay plaintiff overtime compensation for hours worked in excess of forty in a work week.

25. Defendants, by the above acts, have violated the New Jersey Wage and Hour Law.

26. Plaintiff has suffered injury and monetary damages as a result of defendants' acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the NJWHL;

(b) directing defendant to make plaintiff whole for all unpaid overtime wages due as a consequence of defendants' violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

(c) awarding plaintiff the costs of this action together with reasonable attorneys' fees; and

(d) granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

**COSTELLO & MAINS, LLC**

By:   /s/ Deborah L. Mains
     Deborah L. Mains
18000 Horizon Way, Suite 800
Mt. Laurel, New Jersey 08054
856-727-9700
dmains@costellomains.com

Attorneys for Plaintiff

Dated: June 2, 2016

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through his above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

**COSTELLO & MAINS, LLC**

By: /s/ Deborah L. Mains
     Deborah L. Mains

## DESIGNATION OF TRIAL COUNSEL

Deborah L. Mains, Esquire, of the law firm of Costello & Mains, P.C., is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**

By: /s/ Deborah L. Mains
     Deborah L. Mains

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By: /s/ Deborah L. Mains
      Deborah L. Mains